548 A.2d 376

Carbondale Nursing Home, Inc., Petitioner *v.*
Commonwealth of Pennsylvania, Department of
Public Welfare, Respondent.

*C. H. Welles, IV, Welles & McGrath,* for petitioner.

*William D. Lenahan,* Assistant Counsel, for respondent.

OPINION BY JUDGE SMITH, September 30, 1988:

Petitioner, Carbondale Nursing Home, Inc. (Carbondale), appeals from the order of the Executive Deputy Secretary, Department of Public Welfare (DPW), which reversed the order of the Director of the Office of Hearings and Appeals allowing reimbursement to Carbondale for owner's compensation for the years 1979 and 1980. The Office of Hearings and Appeals determined that Carbondale failed to meet its burden of proof to substantiate owner's compensation claimed under DPW's medical assistance regulations. The sole issue presented for review is whether Carbondale is entitled to reimbursement for owner's compensation for the years 1979 and 1980. The order of the Department of Public Welfare is affirmed.

Carbondale requested, through the Medicaid program for the years 1979 and 1980, reimbursement of compensation received by its owners for services performed. The amount claimed for 1979 was $86,684, and for 1980, $76,208. DPW performed a desk review for the years in question and made various disallowances, including compensation paid to Carbondale's owners. Carbondale appealed and, after two hearings, the hear-

ing examiner recommended that the cost for owner's compensation be allowed in spite of DPW's position that Carbondale failed to present sufficient documentation to substantiate the compensation claimed under DPW regulations. DPW thereafter appealed to the Director of the Office of Hearings and Appeals who adopted the hearing officer's recommendation. DPW then petitioned for and was granted reconsideration whereupon the order of the Director was reversed by the Executive Deputy Secretary as to the issue of owner's compensation. Hence, this appeal by Carbondale.

This Court's scope of review is limited to determining whether the DPW adjudication is in accordance with the law as well as agency regulations or procedures, whether any constitutional rights were violated, and whether the findings of fact are supported by substantial evidence. *Mansion Nursing and Convalescent Home, Inc. v. Department of Public Welfare,* 96 Pa. Commonwealth Ct. 143, 506 A.2d 533 (1986), *appeal denied,* 514 Pa. 644, 523 A.2d 1133 (1987). Moreover, Carbondale bears the burden of proof in challenging an action or finding of DPW's auditors. *Harston Hall Nursing and Convalescent Home, Inc. v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 475, 513 A.2d 1097 (1986).

Carbondale initially challenges DPW's interpretation of its regulations as inherently inconsistent and contrary to the regulations in that compensation costs are allowed to the extent of the owner's documented time and involvement as opposed to total disallowance for lack of full documentation. Although an agency's interpretation of its regulations is entitled to substantial weight, deference is inappropriate where the interpretation is contrary to administrative and decisional precedent. *Harston Hall Nursing and Convalescent Home, Inc.; Leader Nursing Centers, Inc. v. Department of Public Welfare,*

82 Pa. Commonwealth Ct. 53, 475 A.2d 859 (1984).
Section IV-C.1 of the Manual for Allowable Cost Reimbursement of Skilled Nursing and Intermediate Care Facilities (Manual), 8 Pa. B. 2835 (1978), provides in pertinent part:

> *General Administration Salaries*
>
> Salaries of the facility's administrator, comptroller, purchasing agent, personnel director and other persons performing general supervision or management duties will be included for consideration as allowable costs.
>
> If owners of a facility or other persons perform actual necessary general management duties on a full or part-time basis in lieu of a facility employe, their salary or compensation costs may be included *to the extent of their documented time and involvement in the required management of a facility.* The allowable salary of owners or officers performing necessary duties shall not exceed the customary compensation that an employe would normally receive while performing that work. Compensation of an owner means payment on a current or deferred basis of salary or benefits for services rendered to the facility. (Emphasis added.)[1]

DPW determined only that Carbondale provided insufficient documentation to substantiate claims for reimbursement of owner's compensation and not, as Carbondale asserts, that no reimbursement will be provided

---

[1] Effective July 1, 1983, language added to the Manual specifically provides that adequate documentation consists of a job description defining the responsibilities of the person and time records documenting the allocation of the person's time for the performance of each type of work on a daily basis. 55 Pa. Code §1181.241.

unless there is total documentation. DPW's interpretation is thus consistent with Section IV-C.1.

Carbondale further contends that DPW's administration of the regulation is unfair in light of insufficient guidelines regarding the documentation required to substantiate reimbursement of owner's compensation and the auditor's failure to provide or request further information. Section III-B of the Manual, 8 Pa. B. 2833 (1978), provides in pertinent part:

> *Cost Reporting*
>
> Providers are required to maintain adequate financial records and statistical data for proper determination of costs payable under the program. The report is to be based on financial and statistical records maintained by the facility. Cost information must be current, accurate, and in sufficient detail to support the claim for cost reimbursement. This includes *all ledgers, books, records, and original evidence of cost* (purchase requisitions, purchase orders, vouchers, requisitions for supplies, inventories, *time cards, payrolls,* bases for apportioning costs, etc.) which pertain to the determination of reasonable costs, capable of being audited. (Emphasis added.)

Section III-B lists various types of documentation to support claims for cost reimbursement, including ledgers, books, records, time cards, and payrolls. Sufficient guidance was thus available as to the kind of documentation required to substantiate claims for reimbursement of owner's compensation.

Carbondale contends, however, that documentation was provided at hearing via the owners' testimony and other evidence to establish the owners' time and involvement, and that to deny reimbursement for costs here is contrary to statute, specifically the provisions of Section 5 of the Act of June 13, 1967, P.L. 31, added by

the Act of July 31, 1968, P.L. 904, *as amended,* 62 P.S. §443.1.[2] Carbondale also asserts that this Court's decision in *Mansion Nursing and Convalescent Home, Inc.* is controlling.[3]

In the matter *sub judice,* one of Carbondale's owners testified that he supervised all purchasing and another owner testified that she handled personnel functions while a third owner provided business management services as well as personnel duties. N.T., August 25, 1983 Hearing, pp. 56-57; 60, 77-78, 80, 84-85, 91-95. Testimony indicated as well that no other persons filled the positions of business manager, purchasing agent, or personnel director. N.T., August 25, 1983 Hearing, pp. 56, 124, 126, 138, 157. Hence, Carbondale argues that the owner's compensation should be reimbursed without requiring specific documented work hours, particularly since the services performed by the owners are attributable to salaried positions set forth in Section IV-C.1 of the Manual as allowable costs. Section IV-C.1 specifically provides that salaries of the facility's administrator, comptroller, purchasing agent, personnel director and persons performing general supervision or management duties are to be included for consideration as allowable costs. The owner's description of their activities at

---

[2] 62 P.S. §443.1(3) provides for medical assistance payments on a cost-related basis to non-public nursing homes licensed or approved by the department and qualified to participate under Title XIX of the Federal Social Security Act.

[3] In *Mansion,* the owners claimed compensation and in support of their expenditure submitted affidavits which stated the approximate hours worked per week and specific activities performed. DPW allowed partial compensation, and this Court held that the owner was entitled to compensation even though complete documentation was not provided and the owner's descriptions were not equivalent to financial records and statistical data capable of being audited as no other person filled the salary position of dietary planner and purchasing agent, the roles performed by the owner.

Carbondale, however, are not equivalent to financial records and statistical data capable of being audited. *Mansion Nursing and Convalescent Home, Inc.*

Carbondale, nonetheless, also failed to present evidence indicating that its owners acted as salaried employees. Testimony discloses that they worked sporadic hours. N.T., August 25, 1983 Hearing, pp. 21-25, 62-64, 75, 80-81, 90-91, 98, 118-119. The record also shows that the owners provided only estimates of hours worked and that these estimates were not premised on the owners' salaries, but on their accountant's understanding of the duties and functions performed by the owners as a result of discussions with them. N.T., November 15, 1983 Hearing, p. 4. Moreover, DPW contests whether the owners performed the work claimed since DPW has been unable to verify, due to lack of sufficient written documentation concerning the years at issue, what specific functions were performed by a particular owner, and that the owners had to perform these functions because there was no facility employee to do so. Nor have the owners established that the hired administrator or other employees could not have performed the functions that the owners elected to perform themselves. Review of the record indicates that employees were available to perform most, if not all, of these functions. N.T., August 25, 1983 Hearing, pp. 55-56, 85, 114-115. Even Carbondale's accountant testified that an administrator would ordinarily act as purchasing agent as well as handle insurance coverage questions, compliance issues, OSHA matters, and the like. N.T., August 25, 1983 Hearing, pp. 157-159. *Mansion* is therefore not controlling here. Whether the owner actually performed salaried work in *Mansion* was not challenged by DPW, unlike here, where there is insufficient evidence to support a finding that the Carbondale owners performed in salaried capacities.

Accordingly, the evidence presented by Carbondale at the hearings was insufficient to support its claims for reimbursement of owner's compensation. No error of law having been committed, DPW's order is affirmed.

ORDER

AND NOW, this 30th day of September, 1988, the order of the Department of Public Welfare is affirmed.